UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:23-cv-00139-WFJ-MRM

TWOWS, LLC

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"

    Defendants.

_____/

## ORDER OF PRELIMINARY INJUNCTIVE RELIEF

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Preliminary Injunction. The Plaintiff, TWOWS, LLC ("Plaintiff"), previously moved *ex parte* for entry of a temporary restraining order (Dkt. 10) against the Defendants, Individual Partnerships, and Unincorporated Associations identified on Schedule "A" to the Complaint,[1] which the Court granted on February 15, 2023. (Dkt. 11)

The Court's temporary restraining order set a March 1, 2023 telephonic hearing to afford Defendants an opportunity to challenge the appropriateness of the temporary restraining order and to hear arguments on Plaintiff's requested preliminary injunction. (Dkt. 11), at 17. Plaintiff moved to extend the temporary restraining order

---

[1] Schedule "A" was filed under seal. (Dkt. 8) pursuant to the Court's Order. (Dkt. 7).

and reschedule the hearing so it could effectuate service on the Defendants (Dkt. 13), which the Court granted and reset the telephonic hearing for March 15, 2023. (Dkt. 14). After receiving third-party discovery from the online platforms on which the Defendants are operating, Plaintiff served Defendants on March 2, 2023 copies of the Complaint, the issued summons, the Court's temporary restraining order in accordance with the Court's order authorizing alternative service by e-mail and publication, and the Court's notice of the rescheduled hearing. (Dkt. 18).

No Defendant appeared at the March 15, 2023 hearing, and the Court extended the hearing and the temporary restraining order to April 6, 2023. (Dkt. 23). The Court also unsealed the record on March 14, 2023. (Dkt. 20). A second telephonic hearing was held on April 6, 2023, and again no Defendant appeared. (Dkt. 40).

Having reviewed the Motion and heard argument, and Defendants having been given notice of Plaintiff's Motion and the Court's hearings, for the reasons stated below Plaintiff's Motion for Preliminary Injunction is hereby **GRANTED.**

I. FACTUAL BACKGROUND

Plaintiff is the owner of the following copyright registered in the United States of America (the "Copyrighted Work"):

| Registration Number | Registration Date | Title of Work |
|---|---|---|
| PA0001872685 | 2013-12-26 | The Wolf of Wall Street |

See Declaration of Randy Hermann ("Hermann Decl.") (Dkt. 10-1) at ¶ 5; see also Complaint (Dkt. 1), at ¶ 20.

The Defendants, through the various Internet based e-commerce stores operating under the seller identities identified on Schedule "A" to the Complaint (the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing and/or using what the Plaintiff has determined to be infringements, reproductions, or derivatives of the Copyrighted Work. See Hermann Decl. at ¶¶ 10-13; Declaration of A. Robert Weaver in Support of Plaintiff's Motion for TRO ("Weaver TRO Decl.") (Dkt. 10-2) at ¶ 5.

The Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make reproductions, or derivatives of the Copyrighted Work. See Hermann Decl. at ¶ 10.

The Plaintiff investigated the promotion and sale of infringing products bearing unlicensed reproductions or derivatives of the Copyrighted Work. See Hermann Decl. at ¶¶ 10-13. Plaintiff accessed each of the e-commerce stores operating under the Defendants' Seller IDs, initiated the ordering process for the purchase of a product from each of the Seller IDs, bearing infringements of the Copyrighted Work at issue in this action, and requested each product to be shipped to an address in the State of Florida. See id.; see also Weaver Decl. at ¶ 5. The Plaintiff conducted a review and visually inspected the products bearing the Copyrighted Work for which orders were initiated by Plaintiff's third party investigator via the Seller IDs and determined the products contained nongenuine, unauthorized reproductions and/or derivatives of Plaintiff's Copyrighted Work. See id.

## II.   LEGAL STANDARD

3

The standard to obtain a preliminary injunction is the same as to obtain a temporary restraining order, which is that a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." Schiavo ex. Rel Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005); see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc., 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

### III. CONCLUSIONS OF LAW

The above finding of facts support the following conclusions of law:

A.   Plaintiff has demonstrated a *prima facie* showing that this Court has specific personal jurisdiction over the Defendants. Defendants, alleged to be residing or operating in outside the United States, and are alleged to have committed a tortious act within the state of Florida in satisfaction of Fla. Stat. §48.193(1)(b). Licciardello v. Lovelady, 544 F.3d 1280, 1283 (11th Cir. 2008). Additionally, jurisdiction is properly pled pursuant to Fed. R. Civ. P. 4(k)(2), the federal long arm statute, because Plaintiff's claims arise under federal U.S. Copyright Law and Defendants have not consented to jurisdiction in another state. Viahart, LLC v. Does 1-54, 2022 WL 4138590, *9-10 (E.D. Tex. July 18, 2022).

B.   Plaintiff has demonstrated a *prima facie* showing that venue is proper in this District because, for venue purposes, "a defendant not resident in the United States may be sued in any judicial district." 28 U.S.C. § 1391(c)(3); Island International

Limited v. Island Stone India Private Limited, 2017 WL 1437464, at *10 (M.D. Fla. Apr. 4, 2017) (in a trademark infringement action against an foreign resident, "for venue purposes, a lawsuit against him may be brough in any judicial district, including the Middle District of Florida.").

C. Joinder of the Defendants in Schedule "A" continues to be appropriate under Rule 20(a) at this still early stage of the proceeding to "secure the just, speedy, and inexpensive determination" of this action. Malibu Media LLC v. Does 1-28, 295 F.R.D. 527, 531 (M.D. Fla. 2012) (*citing* Fed. R. Civ. P. 1.). Joinder is proper because Plaintiff's claims against these Defendants "arise out of the same transaction or occurrence" because Plaintiff has alleged a logical connection between each Defendant, namely the "occurrence of mass harm" resulting from Defendants concerted efforts to anonymously commit copyright infringement through the online platforms. Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A," 334 F.R.D. 511, 517 (N.D. Ill. 2020)..

D. The Plaintiff has a strong probability of proving at trial that: a) it is the owner of a valid copyright; and b) the products Defendants are selling and promoting for sale contain unauthorized reproductions and derivatives of Plaintiff's Copyrighted Work. Compulife Software Inc. v. Newman, 959 F.3d 1288, 1301 (11th Cir. 2020).

E. Because of the infringement of the Copyrighted Work, the Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. See C.B. Fleet Co., Inc. v. Unico Holdings, Inc., 510 F.Supp.2d 1078, 1083 (S.D. Fla. 2007) (irreparable harm demonstrated by loss of market share and plaintiff's

5

loss of quality control). Plaintiff has shown irreparable harm is likely, not merely possible, in the absence of an injunction. Venus Fashions, Inc. v. ContextLogic, Inc., 2017 WL 2901695, at *29 (M.D. Fla. Jan. 17, 2017). The following specific facts, as set forth in the Plaintiff's Complaint, Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to the Plaintiff in view of the following considerations:

1. The Defendants own or control Internet based e-commerce stores and websites which advertise, promote, offer for sale, and sell products bearing infringing images in violation of the Plaintiff's rights;

2. There is good cause to believe that more infringing products bearing reproductions and derivatives of the Plaintiff's Copyrighted Work will appear in the marketplace, and that consumers are likely to be misled, confused, and disappointed by the quality of these products, thereby diluting Plaintiff's market share and damaging Plaintiff's ability to maintain quality control standards; and

3. There is good cause to believe that if the Plaintiff proceeds on notice to the Defendants of this Application for Temporary Restraining Order, the Defendants can easily and quickly change the ownership or modify domain registration and e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller IDs thereby thwarting the Plaintiff's ability to obtain meaningful relief.

F.     The balance of potential harm to the Defendants in restraining their trade in infringing goods if a temporary restraining order is issued is far outweighed by the potential harm to the Plaintiff, and its reputation as the owner of the Copyrighted Work

G.     The balance of potential harm to the Defendants in restraining their trade in infringing goods if a temporary restraining order is issued is far outweighed by the potential harm to the Plaintiff, and its reputation as the owner of the Copyrighted Work.

H.     The public interest favors issuance of the temporary restraining order to protect the Plaintiff's copyright interests, to encourage respect for the law, and to protect the public from being defrauded by the illegal sale of infringing goods. CBS Broad., Inc. v. EchoStar Comm'ns Corp., 265 F.3d 1193, 1198 (11th Cir. 2001).

I.     The Plaintiff may be entitled to recover statutory damages from Defendants in the amount of one hundred and fifty thousand dollars ($150,000.00) per each registered Copyrighted Work infringed, as provided by 17 U.S.C. § 504(c), enhanced to reflect the willful nature of Defendants' infringement, instead of an award of actual damages or profits, and be awarded its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

J.     Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." Levi Strauss & Co., 51 F.3d at 987 (citing Federal

Trade Commission v. United States Oil & Gas Corp., 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

K.  In light of the inherently deceptive nature of the infringing business, and the likelihood that the Defendants have violated federal copyright laws, the Plaintiff has good reason to believe the Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Having heard argument and upon review of the record, the Court hereby

**ORDERS AND ADJUDGES** that Plaintiff's Motion for Preliminary Injunction is **GRANTED**, under the terms set forth below:

(1)  Each of the Defendants,[2] its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order are temporarily restrained as follows:

a.  From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing reproductions or derivatives of the Copyrighted Work; and

b.  From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, bearing reproductions or derivatives of the Copyrighted Work; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing reproductions or derivatives of the Copyrighted Work;

---

[2] Some Defendants have already been dismissed in this action. Attached to this Order is a Schedule of Enjoined Defendants which and are subject to this Preliminary Injunction.

or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Defendants.

(2) Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order shall immediately discontinue the use of any unauthorized copies of the Copyrighted Works on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs.

(3) Each of the Defendants shall not transfer ownership of the Seller IDs during the pendency of this action, or until further Order of the Court.

(1) (4) Upon receipt of notice of this Order, the Defendants and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Defendants, including but not limited to, AliExpress, Alipay, Dhgate, Dhpay, Joom, Wish, Wishpay, Amazon, Amazon Pay, Ebay, Etsy, and/or Taobao, and their related companies and affiliates (collectively, the "Third Party Providers"), shall after receipt of notice of this Order, restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a

holding account for the trust of the Court. Such restraining of the funds and the disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

(5)     Any Defendant or Third Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(6)     This Order shall apply to the Seller IDs, associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of counterfeiting and infringing the CreeLED Marks at issue in this action and/or unfairly competing with Plaintiff.

(7)     This Order shall remain in effect for during the pendency of this action, or until such further dates as set by the Court or stipulated by the parties.

(8)     Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), the Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which the Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court.

**DONE AND ORDERED** in Tampa, Florida this 7th day of April, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

cc: counsel of record

Schedule of Enjoined Defendants

| Def No. | Seller Name |
| --- | --- |
| 1 | Arianne Store |
| 2 | 镧剖百货 |
| 3 | Maestro4Store |
| 4 | shanxifuyuhualikejiyouxiangongsi |
| 6 | zengshaona poster |
| 7 | xianyouxianduweizhenlimingzhibaihuolingshouchaoshi |
| 8 | putianshihezhemaoyiyouxiangongsi |
| 9 | AllStarMediaUSA |
| 10 | yangmingxuan |
| 12 | 王明轩 |
| 13 | PingpanD |
| 14 | MarcoTolardo1 |
| 15 | jiang kou jian guo jie ju dian |
| 16 | wenchanglicanhewangluokejiyouxiangongsi |
| 17 | Kun Bai Yan Industry |
| 18 | VioletHandknits |
| 19 | facaile |
| 20 | tingting ART |
| 21 | BabiesDecor.com |
| 22 | Home Decor |
| 23 | Reel VHS Lamps |
| 24 | newcute |
| 25 | topstock8 |
| 26 | stickersmaster |
| 27 | marketplacesigns |
| 28 | 7552rebecca |
| 29 | malmsteenhill |
| 30 | imageweb |
| 31 | impressionposters |
| 32 | fine-art-london |
| 33 | hong8436 |
| 34 | MaxybonDesign |
| 35 | BLOnlineshop |
| 36 | TheMoviePosterStore |
| 38 | RYCHstyleArtCo |
| 39 | MPCanvasPrint |
| 40 | quirkyprintz |

| | |
|---|---|
| 41 | TheInspirationsPoint |
| 42 | IKONIKcanvas |
| 43 | IconicArtUK |
| 44 | OxyartCreations |
| 46 | QuartersDesign |
| 47 | CustomCollab |
| 48 | FrameArtWorks |
| 49 | StairwayHeavenFinds |
| 50 | YezirDesign |
| 51 | poppowprints |
| 52 | FilmPosterStore |
| 55 | LoucrativeDecor |
| 56 | FlacStore |
| 57 | StagAndSparrowCo |
| 58 | PictureThisMeDesigns |
| 60 | SpaceArtStudioCo |
| 61 | MonkeyGeeks |
| 62 | CustomHappyPortraits |
| 64 | TopTierMerchStore |
| 65 | TheEleventhPrints |
| 66 | HomeDecor79 |
| 67 | StudioCollectionsArt |
| 68 | JakeFashionGoods |
| 70 | Illustratedbyleah |
| 71 | RyanMcDesigns |
| 72 | MontoyaArtDesign |
| 73 | Omoozo |
| 74 | TdreamsDesigns |
| 75 | DreamsFlower |
| 76 | HiResPostersPrints |
| 77 | PosterToasters |
| 78 | Vensdesigns |
| 79 | AshtynsShopCo |
| 80 | DriftwoodDecor9x |
| 81 | LewisMcLeanArt |
| 83 | OrdanaClothing |
| 84 | PosterboyNo1 |
| 85 | MORUDELUXE |
| 86 | CanvasLandArt |
| 87 | GADprint |
| 88 | exness |

| | |
|---|---|
| 89 | JJARTSHOP |
| 90 | wangli1583 |
| 91 | Cruch |
| 92 | 13696814654m0 |
| 93 | Robert kosek |
| 94 | yangzhou321 |
| 95 | zhouxiyu40247 |
| 96 | ladpoaw |
| 97 | Madeline Lee |
| 98 | Michael Robie |
| 99 | Kelly Shatzer |
| 100 | Maria M Rose |
| 101 | Anthony Keller |
| 102 | Gary Knisley |
| 103 | Mary Graves |
| 104 | ayuer |
| 105 | vajkshg |
| 106 | sociabeler |
| 107 | jht750731 |
| 108 | YEAISTORE |
| 109 | sdafjfuhknjml545 |
| 110 | aimarula |
| 111 | The world of rice |
| 112 | LikeMArk |
| 113 | yaojiaxiang24930 |
| 114 | tangerinepuppet_ie |
| 115 | stars27 |
| 116 | leacatt |
| 117 | Kina2716 |
| 118 | georgioska |
| 119 | PhilYourMind |
| 120 | Lecomte1 |
| 121 | JohnMarcus |
| 122 | AndrejKling |
| 123 | wessel lagerweij |
| 124 | gengilust |
| 125 | Bennyc007 |
| 126 | HangShop |
| 127 | fillingwalls |
| 128 | SwazzdrawsA |
| 129 | PoletariJack |

| | |
|---|---|
| 130 | TheRealBateman |
| 131 | CarlAlexanderGl |
| 132 | khloe-XX |
| 133 | wahruelled |
| 134 | MxwlUK |
| 135 | ScriptInFrame |
| 136 | teeeceeeart |
| 137 | KatheriHarris |
| 138 | Totoparano |
| 139 | rgbroun |
| 140 | Art & Design |
| 141 | elduderino006 |
| 142 | FreshFlex |
| 143 | LilyChurchill |
| 144 | GeneralAladeen |
| 145 | NgocBa |
| 146 | DaniloyBirk |
| 147 | tickertees |
| 148 | Dmitry Belov |
| 149 | JenFlanders |
| 150 | GolderBro |
| 151 | GenerateArtAI |
| 152 | AWARE-store |
| 153 | BlazedWork |
| 154 | dpesart |
| 155 | CNCOZ |
| 156 | VicFreedomind |
| 157 | TV DOODLES |