UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:23-cv-00139-WFJ-UAM

TWOWS, LLC,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"

      Defendants.

_____/

## ORDER ON MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

THIS MATTER comes before the Court upon Plaintiff's TWOWS, LLC. ("Plaintiff"), Motion for Entry of Final Default Judgment (the "Motion") [ECF No. 51]. The Defendants identified on the attached Default Schedule A ("Defendants") have failed to appear, answer, or otherwise plead to the Complaint filed on January 20, 2023 [ECF No. 1], despite having been served on March 2, 2023. See Certificate of Service [ECF No. 18]. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is **GRANTED**.

## I.      INTRODUCTION

Plaintiff sued Defendants for copyright infringement under the Copyright Act, 17 U.S.C. §§ 106(1), (3), (4) & 501.

The Complaint alleges that Defendants are advertising, promoting, distributing, and performing Plaintiff's copyrighted work using counterfeits and confusingly similar imitations of Plaintiff's registered work within the State of Florida by operating the Defendants' Internet based e-commerce stores operating under each of the Seller IDs identified on Schedule "A" attached to Plaintiff's Motion for Entry of Final Default Judgment (the "Seller IDs").

Plaintiff further asserts that Defendants' unlawful activities have caused and will continue to cause irreparable injury to Plaintiff because Defendants have (1) deprived Plaintiff of its right to determine the manner in which its works are presented to consumers; (2) defrauded consumers into thinking Defendants' illicit copies of Plaintiff's copyrighted work are authorized by Plaintiff; (3) deceived the public as to Plaintiff's sponsorship of and/or association with Defendants' counterfeit products and the websites on online storefronts through which such products are sold, offered for sale, marketed, advertised, and distributed; (4) wrongfully traded and capitalized on Plaintiff's reputation and goodwill and the commercial value of the Plaintiff's copyrighted work; and (5) wrongfully damaged Plaintiff's ability to market its branded products and copyrighted works and products and educate consumers about its brand via the Internet in a free and fair marketplace.

In its Motion, Plaintiff seeks the entry of default final judgment against Defendants[1] in an action alleging infringement of copyright. Plaintiff further requests that the Court (1) enjoin Defendants unlawful use of Plaintiff's copyrighted work; (2) award Plaintiff damages; and (3) instruct any third party financial institutions in possession of any funds restrained or held on behalf of Defendants to transfer these funds to the Plaintiff in partial satisfaction of the award of damages.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "[A] defendant's default does not in itself warrant the court entering a default judgment." *DirecTV, Inc. v. Huynh,* 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Granting a motion for default judgment is within the trial court's discretion. *See Nishimatsu*, 515 F.2d at 1206. Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *See id.; see also Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default … ."). Upon a review of Plaintiff's submissions, it appears there is a sufficient basis in the pleading for the default judgment to be entered in favor of Plaintiff.

---

[1] Defendants are the Individuals, Partnerships, or Unincorporated Associations identified on Default Schedule "A" of Plaintiff's Motion, and Default Schedule "A" of this Order.

## II.  FACTUAL BACKGROUND[2]

Plaintiff is the owner of the motion picture The Wolf Of Wall Street, which is valid and registered with the United States Copyright Office, Registration Number PA0001872685 (the "Copyrighted Work").  *See* Exhibit 1 to Complaint, ECF No. [1-1] containing a copy of the U.S. Copyright Office's online record for this work.  *See* Declaration of Randy Hermann, [ECF No. 10-1] at 4. Plaintiff has exclusive rights in and to the Copyrighted Work. *Id*.

Defendants, through the various Internet based e-commerce stores operating under each of the Seller IDs identified on Schedule "A" hereto (the "Seller IDs") have advertised, promoted, offered for distribution, distributed and/or publicly performed the Copyrighted Work under what Plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the Copyrighted Work. *See* Declaration of Randy Hermann, [ECF No. 10-1] at 10-13; *see also* Declaration of A. Robert Weaver, [ECF No. 10-2] at 4.

Plaintiff has submitted sufficient evidence showing each Defendant has infringed the Copyrighted Work at issue. *See* Declaration of Randy Hermann, [ECF No. 10-1] at 10-13, and Schedule "C" to Declaration of A. Robert Weaver[3].

---

[2] The factual background is taken from Plaintiff's Complaint, [ECF No. 1], Plaintiff's Motion for Entry of Final Default Judgment and supporting evidentiary submissions.

[3] Evidence of each Defendant's infringement was attached as Exhibit 1 to the Declaration of A. Robert Weaver in Support of Plaintiff's Motion for Entry of Final Default Judgment.

Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the of the Copyrighted Work nor are Defendants authorized or licensed to distribute the Copyrighted Work. *See* Declaration of Randy Hermann, [ECF No. 10-1] at 10-13.

As part of its ongoing investigation regarding the sale of counterfeit and infringing products, Plaintiff hired a third party investigatory to access Defendants' Internet based e-commerce stores operating under each of the Seller IDs.  The third party investigator initiated orders from each Seller IDs for the purchase of various products, all bearing, or suspected of bearing, counterfeits of the Copyrighted Work, and requested each product to be shipped to an address in the Southern District of Florida.  Accordingly, Defendants' Goods are being promoted, advertised, offered for sale, and sold by Defendants within this district and throughout the United States. *See* Declaration of A. Robert Weaver [ECF No. 10-2] at 5. A representative for Plaintiff personally analyzed the products offered for sale which incorporated unauthorized reproductions and/or derivatives of the Copyrighted Work at issue in this action, wherein orders were initiated via each of the Seller IDs by reviewing the e-commerce stores operating under each of the Seller IDs, or the detailed web page captures and images of the items bearing the Copyrighted Work, and concluded the products were non-genuine, unauthorized products.  *See* Declaration of Randy Hermanna, [ECF No. 10-1] at 13.

## III.   ANALYSIS

### A.    Claims

### 1.      Infringement of Copyright (Count I)

To prevail on a claim of direct infringement of copyright pursuant to the Copyright Act, 17 U.S.C. §§ 106(1), (3) and (4), Plaintiff must "satisfy two requirements to present a *prima facie* case of direct copyright infringement: (1) they must show ownership of the allegedly infringed material, and (2) they must demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). *See also Disney Enters. v. Hotfile Corp.*, Case No. 11-20427-CIV-Williams, 2013 U.S. Dist. LEXIS 172339, at *94 (S.D. Fla. 2013).

### B.      Liability

The well-pled factual allegations of Plaintiff's Complaint properly allege the elements for the claim as described above. *See* [ECF No. 1]. Moreover, the factual allegations in Plaintiff's Complaint have been substantiated by sworn declarations and other evidence and establish Defendants' liability under the claim asserted in the Complaint. Accordingly, default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate.

### C.      Injunctive Relief

Pursuant to the Copyright Act, a district court is authorized to issue an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." *See* 17 U.S.C. § 502(a). Indeed, injunctive relief is the remedy of choice where there is no adequate remedy at law for the injury caused by a

defendant's continuing infringement. *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See e.g., PetMed Express, Inc.*, 336 F. Supp. 2d at 1222-23. Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.")

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). Plaintiff has carried its burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

Plaintiff has no adequate remedy at law so long as Defendants continue to operate the Seller IDs because Plaintiff cannot control the quality of what appears to be its products in the marketplace. An award of monetary damages alone will not cure the injury to Plaintiff's reputation and goodwill that will result if Defendants' infringing and counterfeiting and infringing actions are allowed to continue. Moreover, Plaintiff faces hardship from loss of sales and its inability to control its reputation in the marketplace. By contrast, Defendants face no hardship if they are

prohibited from the infringement of Plaintiff's copyright, which are illegal acts.

Finally, the public interest supports the issuance of a permanent injunction against Defendants to prevent consumers from being misled by Defendants' counterfeit products. *See Nike, Inc. v. Leslie*, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defendants' infringing activities. *See, e.g., Swann v. Charlotte-Mecklenburg Bd. of Educ.,* 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . [t]he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

Defendants have created an Internet-based infringement scheme in which they are profiting from their deliberate misappropriation of Plaintiff's rights. Accordingly, the Court may fashion injunctive relief to eliminate the means by which Defendants are conducting their unlawful activities.

### D.    Statutory Damages for Copyright Infringement

Rather than seeking actual damages, a plaintiff may elect to recover statutory damages per infringed work. *See* 17 U.S.C. § 504(c)(1) ("[T]he copyright owner may

elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages . . . ."); *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003). With respect to any one work, the Copyright Act permits a minimum award of $750 and a maximum award of $30,000. 17 U.S.C. § 504(c)(1).  In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.  17 U.S.C. § 504(c)(2).  A district court has broad discretion for determining statutory damages and should consider both the willfulness of the defendant's conduct and the deterrent value of the sanction imposed. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990); *see also United Feature Syndicate, Inc. v. Sunrise Mold Co., Inc.*, 569 F. Supp. 1475, 1480 (S.D. Fla. 1983) ("In determining the amount of statutory damages to award plaintiff, the Court must award an amount which it considers just."). In this regard, "the Court's aim is not just compensating the Plaintiffs for their injury but also to discourage wrongful conduct." *Milk Money Music v. Oakland Park Entertainment Corp.*, No. 09-CV-61416, 2009 WL 4800272, at *2 (S.D. Fla. Dec. 11, 2009) (citing *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952)). This is true even where the violation is not injurious and unprofitable. *See F.W. Woolworth Co.*, 344 U.S. at 233.

 This Court may award statutory damages "without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed." *Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV, 2007 WL 3047143, at

*1 (S.D. Fla. Oct. 18, 2007). Although the Court is permitted to conduct a hearing on a default judgment in regards to damages pursuant to Fed. R. Civ. P. 55(b)(2)(B), an evidentiary hearing is not necessary where there is sufficient evidence on the record to support the request for damages. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record.") (citations omitted); *see also PetMed Express*, 336 F. Supp. 2d at 1223 (entering default judgment, permanent injunction and statutory damages in a Lanham Act case without a hearing).

Here, the allegations in the Complaint, which are taken as true, clearly establish Defendants' infringement of the Copyrighted Work was committed willfully.  As such, the Court is permitted to award up to $150,000.00 per infringing work as statutory damages to ensure that Defendants do not continue their intentional and willful counterfeiting activities.

The evidence in this case demonstrates that each Defendant sold, promoted, distributed, advertised, and/or offered for sale products bearing infringements of the Copyrighted Work. *See* [ECF No. 1]. Based on the above considerations, Plaintiff suggests the Court award statutory damages of $50,000.00 against each Defendant. The award should be sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe Plaintiff's copyrights, compensate Plaintiff, and punish Defendants, all stated goals of 17 U.S.C. § 504(c). The Court finds that this award of statutory damages falls within the permissible statutory range under 17

U.S.C. § 504(c) and is just.

## IV.   CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's

Motion is **GRANTED** against those Defendants listed in the attached Schedule "A."

Final Default Judgment will be entered by separate order.

**DONE AND ORDERED** in Tampa, Florida, this 2nd day of November, 2023.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

cc:    counsel of record